## FRANKLIN M. MAGILL, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 9885.        Decided July 20, 1926.

EXPENSE DEDUCTIONS.—Club-room rentals and taxi fares incurred for the benefit of a corporation but paid by an employee are not proper deductions from the employee's gross income, in the absence of evidence that the employee's compensation was fixed in an amount intended to cover such expenses.

*Charles S. McElroy, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

Before LITTLETON and TRUSSELL.

This is an appeal from the determination of a deficiency in income tax for the year 1923 in the amount of $410.19. The petitioner alleges that the Commissioner erred in disallowing deductions of club expenses and taxi fares as ordinary and necessary business expenses.

### FINDINGS OF FACT.

The taxpayer is an individual residing at Chicago, Ill. He is a stockholder and secretary and treasurer of the Magill-Weinsheimer Co.

The taxpayer is a member of the Illinois Athletic Club. During 1918 and 1919 he lived at the club, but, after marrying in 1920, he no longer lived there, nor did he have any further personal use for his club room, and so decided to give it up. However, during the time he had lived there his business associates had become accustomed to using his room for business conferences and for entertaining customers, so that the officers of the Magill-Weinsheimer Co. requested the taxpayer to keep his club room for business purposes, but made no provision whatever for reimbursing the taxpayer for the amount of rent paid by him. The club rooms were rented only to members of the club.

During the year 1923 the taxpayer paid $900 rent for the room, which was used strictly for business purposes. The taxpayer, Weinsheimer, president, Speil, vice president, and the salesmen of the Magill-Weinsheimer Co. all used the club room regularly throughout the year 1923 for general business conferences, for entertaining customers, and for working space. Out-of-town customers were invited to sleep and work in the club room without charge. The officers of the company all had keys to the club room, and the employees could obtain the key from the room clerk.

The taxpayer, not being the owner of an automobile, hired taxi cabs quite regularly, and has claimed a deduction of $1,200 taxi fares as an ordinary and necessary business expense. Not having kept an accurate account of the amount spent for taxi fares, the taxpayer has estimated that he averaged $4 a day for 300 days. However, he "taxied" between his residence and office in the mornings and evenings, the fare one way being about $1.75. In going to and from the office the taxpayer picked up a passenger who was not a customer, but who gave him a great deal of information on certain matters relating to the business. It was necessary for the taxpayer to hire a taxi quite often in entertaining his customers.

### OPINION.

TRUSSELL: While there appears to be no doubt that the club-room paid for by this petitioner was used as an accessory to the business of the corporation by which he was employed, and that some unknown portion of the taxi fares incurred by him was for the benefit of his employer, although a considerable share of such taxi fares was apparently for the petitioner's personal benefit and convenience, there is no evidence in the record to indicate that the basis of the petitioner's compensation from his employer was fixed with a view of requiring him to meet the club-room expenses or the taxi fares. In the absence of an agreement, such expense items should be adjusted, if at all, between the employer and the employee. The employee can not take advantage of the Federal tax law for the purpose of correcting the omissions occurring in his arrangements with his employer.

*The deficiency for the year 1923 is $410.19.*
*Order will be entered accordingly.*

PHILLIPS dissents.